UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MELVIN DEAN,

        Petitioner,         Case Number: 4:17-10930
                                        Honorable Linda V. Parker

v.

SHERMAN CAMPBELL,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S
MOTION FOR DISMISSAL [ECF No. 5], DISMISSING HABEAS
PETITION [ECF No. 1] AND DENYING CERTIFICATE OF
APPEALABILITY**

Petitioner Michael Melvin Dean, confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions for two counts of possession of child sexually abusive material, two counts of using a computer to commit a crime, and one count of second-degree criminal sexual conduct. Respondent Sherman Campbell has filed a motion to dismiss the petition for failure to comply with the statute of limitations. For the reasons stated below, the Court grants Respondent's motion, dismisses the petition with prejudice, and denies a certificate of appealability.

**I.     Background**

Petitioner was charged in Kent County Circuit Court with second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a), two counts of child sexually abusive activity, Mich. Comp. Laws § 750.145c(2), two counts of using a computer to commit a crime, Mich. Comp. Laws § 752.797(3)(f), in connection with the sexual assault of his wife's seven-year-old daughter. Petitioner pleaded guilty to all counts. On November 13, 2007, the trial court sentenced Petitioner as a second felony offender to ten to twenty-two-and-a-half years for the second-degree criminal sexual conduct conviction, and twelve to thirty years for each of the remaining counts. Petitioner did not seek leave to appeal to the Michigan Court of Appeals.

Petitioner filed a motion for relief from judgment in the trial court on July 17, 2014, arguing: (1) he did not knowingly and voluntarily enter his guilty plea because counsel was ineffective in failing to challenge the search and seizure of his computer and in failing to advise Petitioner about the possibility of a conditional plea; and (2) appellate counsel was ineffective in failing raise the first claim on direct appeal. On June 15, 2015, the trial court granted Petitioner's motion and vacated his guilty pleas. (ECF No. 6-13.) The State filed a motion for reconsideration, which the trial court denied. (ECF No. 6-15.)

The State filed an application for leave to appeal in the Michigan Court of Appeals. In lieu of granting leave to appeal, the Michigan Court of Appeals peremptorily reversed the trial court's decision and remanded to the trial court for entry of an order denying the motion for relief from judgment. (ECF No. 6-17 at Pg ID 261.) The court of appeals determined that because Petitioner entered an unconditional guilty plea, he waived his challenge to the validity of the seizure of the computer and the search of its hard drive, and the related claim of ineffective assistance of counsel. (*See id.*) The Michigan Court of Appeals denied Petitioner's motion for reconsideration. (*See id.* at Pg ID 333.) On May 24, 2016, the Michigan Supreme Court denied Petitioner's application for leave to appeal, *People v. Dean*, 499 Mich. 928 (Mich. May 24, 2016), and, on July 26, 2016, denied his motion for reconsideration. *People v. Dean*, 499 Mich. 987 (Mich. July 26, 2016).

On March 23, 2017, Petitioner filed a federal habeas corpus petition on March 23, 2017. Petitioner raises these grounds for relief: (i) defense counsel failed to preserve Petitioner's right to have illegally seized evidence suppressed and failed to enter a conditional plea; and (ii) appellate counsel was ineffective in failing to raise these claims on direct appeal. Respondent filed a motion to dismiss arguing that Petitioner's claims are time-barred. Petitioner did not file a response to the motion.

## II. Analysis

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applies to all habeas petitions filed after its effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the limitation period, does not reset the limitation period at zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner did not file a direct appeal of his convictions. Where a petitioner does not seek review which he is entitled to seek under state law, the conviction becomes "final" upon the conclusion of the time for seeking that review. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Petitioner was sentenced on November 13, 2007. Because Petitioner did not pursue a direct appeal of those

convictions in the state courts, his convictions became final one year later, when the time for filing a delayed application for leave to appeal with the Michigan Court of Appeals expired. *See* Mich. Ct. R. 7.205(G)(3) (amended 2011) (imposing a 12-month time frame for late appeal at the time of Petitioner's conviction; a June 2011 amendment reduced the time for filing a late appeal to 6 months). Petitioner's motion for relief from judgment did not toll the limitations period. The motion was filed on July 17, 2014, almost six years after the limitations period already expired. *Vroman*, 346 F.3d at 602 (6th Cir. 2003) (holding that the filing of a motion for collateral review in state court serves to "pause" the clock, not restart it).

The AEDPA's one-year limitations period is not a jurisdictional bar and is therefore subject to equitable tolling where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Petitioner does not assert a basis for equitable tolling, and the Court sees none. His years-long delay in filing a habeas corpus petition contradicts a finding that he pursued his rights diligently. Petitioner also fails to allege or demonstrate that some extraordinary circumstance prevented the timely filing of a habeas petition. Finally, Petitioner

5

does not allege any basis for a finding that the statute of limitations should be excused because he is actually innocent.

## V. Order

Petitioner filed his habeas corpus petition several years after his convictions became final. The Court finds no basis for equitable tolling of the limitations period and Petitioner makes no tenable claim of actual innocence.

Accordingly,

**IT IS ORDERED** that Respondent's Motion for Dismissal of Petition for Writ of Habeas Corpus (ECF No. 5) is **GRANTED**; and

**IT IS FURTHER ORDERED** that the habeas corpus petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**; and

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000);

**IT IS FURTHER ORDERED** that Petitioner may not proceed *in forma pauperis* on appeal because an appeal cannot be taken in good faith. 28 U.S.C. §

1915(a)(3).

**IT IS SO ORDERED.**

                                      s/ Linda V. Parker
                                      LINDA V. PARKER
                                      U.S. DISTRICT JUDGE

Dated: April 25, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 25, 2018, by electronic and/or U.S. First Class mail.

                                      s/ R. Loury
                                      Case Manager