UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MELVIN DEAN,

        Petitioner,        Civil Case No: 17-10930
                                    Honorable Linda V. Parker

v.

SHERMAN CAMPBELL,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 9)

On April 25, 2018, the Court dismissed Petitioner Michael Melvin Dean's petition for a writ of habeas corpus because it was not timely filed. (ECF No. 7.) Petitioner has filed a motion for relief from judgment arguing that a trial court order granting his motion for relief from judgment restarted the one-year limitations period making his petition timely. (ECF No. 9.) For the reasons stated below, the Court denies Petitioner's motion.

Petitioner seeks relief from judgment under Fed. R. Civ. P 60(b)(6), which permits a court to grant relief for "any other reason that justifies relief." The rule applies only in "exceptional and extraordinary circumstances not addressed by the first five subsections of Rule 60(b)." *Jinks v. AlliedSignal, Inc.*, 250 F. 3d 381, 387

(6th Cir. 2001). The exceptional circumstances require "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F. 2d 357, 365 (6th Cir. 1990).

Petitioner seeks relief from judgment based upon an "intervening development" that he argues restarted the statute of limitations period. (ECF No. 9 at PgID 474.) The "intervening development" identified by Petitioner is the trial court's June 15, 2015 decision granting his motion for relief from judgment. (ECF No. 6-13.)

The Court briefly reviews the procedural history of Petitioner's state court proceeding. Petitioner pleaded guilty in Kent County Circuit Court to second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a), two counts of child sexually abusive activity, Mich. Comp. Laws § 750.145c(2), and two counts of using a computer to commit a crime, Mich. Comp. Laws § 752.797(3)(f). He was sentenced on November 13, 2007. Petitioner did not file a direct appeal. Almost seven years later, on July 17, 2014, Petitioner filed a motion for relief from judgment in the trial court. On June 15, 2015, the trial court granted Petitioner's motion and vacated Petitioner's guilty pleas. (ECF No. 6-13.) The State sought leave to appeal in the Michigan Court of Appeals. In lieu of granting leave to appeal, the Michigan Court of Appeals peremptorily reversed the trial court's decision and remanded to the trial court for entry of an order denying the motion

for relief from judgment. (ECF No. 6-17 at PgID 261.) The Michigan Supreme Court denied Petitioner's application for leave to appeal, *People v. Dean*, 499 Mich. 928 (Mich. May 24, 2016), and, on July 26, 2016, denied his motion for reconsideration. *People v. Dean*, 499 Mich. 987 (Mich. July 26, 2016).

Petitioner filed a federal habeas corpus petition on March 23, 2017. (ECF No. 1.) Respondent filed a motion to dismiss on the ground that Petitioner's claims are time-barred. (ECF No. 5.) The Court granted the motion to dismiss because the one-year limitations period applicable to habeas petitions commenced on November 13, 2008 (when the conviction became final) and continued to run uninterrupted until it expired one year later. (ECF No. 7.)

Petitioner argues that the trial court's June 15, 2015 order granting his motion for relief from judgment restarted the limitations period. Petitioner relies upon the Sixth Circuit's decision in *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015). In *King*, the Sixth Circuit held that a habeas petition which challenges a new judgment entered as a result of resentencing is not second or successive, and confirmed a previously articulated rule that "[t]he entry of a new judgment normally resets the statute-of -limitations clock." *Id.* at 157-59. *King* is inapplicable here. There is no new judgment of sentence in this case. The Michigan Court of Appeals reversed the trial court's decision granting relief from judgment and ordered the trial court to deny the motion. The original judgment of

3

sentence, dated November 13, 2007, has not been superseded by a new judgment. The limitations period commenced on November 13, 2007 and expired one year later. The Court finds no extraordinary circumstance warranting relief under Rule 60(b)(6).

Petitioner claims that he timely filed a response to the Respondent's motion to dismiss but, through no fault of his own, the motion was not received by the Court. He submits the response along with his motion for relief from judgment. (ECF No. 10.) The Court need not decide whether Petitioner timely submitted his response to prison officials for mailing because the response does not alter the Court's finding that the petition is untimely.

Accordingly,

**IT IS ORDERED**, that the Court **DENIES** Petitioner's Motion for Relief from Judgment (ECF No. 9).

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: December 13, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 13, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager